### MACBETH–EVANS GLASS CO. v. L. E. SMITH GLASS CO.

(Circuit Court of Appeals, Third Circuit. October 2, 1923.)

#### No. 2805.

Patents &#10132;328—1,342,744, for headlight lens, held infringed.

   The Evans patent, No. 1,342,744, for a headlight lens, consisting in combination of an upper visor, coated to reflect the light backward, and a lower portion, with horizontal refracting ridges on its outer surface and alternating vertical corrugations on its inner surface, held infringed.

Appeal from the District Court of the United States for the Western District of Pennsylvania; W. H. Seward Thomson, Judge.

Modification of former opinion.

For former opinion see 284 Fed. 193.

Winter & Brown, of Pittsburgh, Pa. (Edward Rector, of Chicago, Ill., and Frederick W. Winter and Paul N. Critchlow, both of Pittsburgh, Pa., of counsel), for appellant.

William O. Belt, of Chicago, Ill., and Arthur O. Fording, of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is a supplemental opinion to our opinion filed in this cause on October 13, 1922. The bill in the District Court charged the defendant with infringement of its patent No. 1,-342,744. The defendant's answer contained the usual defenses of invalidity of the patent and denial of infringement. The plaintiff submitted in the District Court proof of infringement which defendant did not rebut. The District Court, however, did not think it necessary to pass upon the question of infringement, as it held the patent invalid on the ground that it was a mere aggregation of old elements, each performing its own function in the old way, and the combination not producing a new and useful result by the conjoint action of the several elements. We held, in our former opinion, that the patentee was the first to combine in one lens the three old elements which conjointly produce a new and useful result.

The Macbeth-Evans lens has a lower portion of clear glass, which has horizontal prisms on the outer lower surface, with their front faces inclined at a slight angle to the vertical, which serves to reflect the light downward, thus preventing glare to persons approaching and better illuminating the road. The lower inner surface of the lens has vertical cylinders resembling a series of slightly concave corrugations, which diffuse the light laterally and illuminate the sides of the road. The upper portion of the lens consists of a protruding vizor, substantially opaque, covered with green enamel on the outside and white enamel on the inside. The light, which strikes the vizor from the source of illumination, does not pass through the vizor, but is thrown backwardly upon the reflector, which in turn reflects it outwardly through the lower part of the lens for road illumination.

There is no doubt that the lens of the defendant combines these same three elements, operates in the same way, and produces the same result as does the plaintiff's lens. There seems not to have been any doubt in the mind of any one that the defendant's lens was a plain infringement of plaintiff's patent, if it was valid. Validity of the patent was the principal issue. It seemed unnecessary to the District Court to pass upon the question of infringement after holding the patent invalid. We reached a different conclusion as to validity, and it was an oversight that we did not include in our former opinion and decree that the defendant had infringed the patent.

A corrected decree nunc pro tunc may be entered as of the date of the original decree, and a corrected mandate in accordance with the decree be issued to the District Court.